**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RECEIVED
OCT 01 2026
BY MAIL

---

**DEDRICK JORDAN,**
Movant,

v.

**Case No. 4:26-CV-01497-MTS**

**UNITED STATES OF AMERICA,**
Respondent.

---

**AMENDED MOTION UNDER 28 U.S.C. § 2255**

**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**Movant:** Dedrick Jordan
**Register Number:** 36171-510

**Respondent:** United States of America

**Address for Service / Court:**
United States District Court
Eastern District of Missouri
111 South 10th Street, Suite 3.300
St. Louis, Missouri 63102

---

**AMENDED § 2255 MOTION**

Movant, **Dedrick Jordan**, respectfully submits this Amended Motion pursuant to **28 U.S.C. § 2255**, seeking to vacate, set aside, or correct the sentence imposed in his federal criminal case.

Movant respectfully requests that the Court consider the claims and supporting grounds set forth in the accompanying Amended Motion, together with any attached exhibits, declarations, and supporting

memorandum of law.

Respectfully submitted,

**Dedrick Jordan**
Register No. 36171-510
Movant, Pro Se

Date: 09|28|2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

DEDRICK JORDAN,
Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No. 4:26-CV-01497-MTS

**MOVANT'S AMENDED CLAIMS UNDER 28 U.S.C. § 2255**

Movant Dedrick Jordan, proceeding pro se, respectfully submits these Amended Claims pursuant to 28 U.S.C. § 2255 and Rule 2(b) of the Rules Governing Section 2255 Proceedings.

Movant seeks to amend and supplement his pending § 2255 motion and expressly preserves all claims, grounds, facts, arguments, and requests for relief contained in his original motion.

Movant does not intend this amended filing to abandon, waive, withdraw, or replace any previously asserted claim. To the extent leave of Court is required, Movant respectfully requests leave to amend in the interest of justice and pursuant to Federal Rule of Civil Procedure 15, as made applicable through Rule 12 of the Rules Governing Section 2255 Proceedings.

## I. AUTHORITY, VERIFICATION, AND PRESERVATION

### A. 28 U.S.C. § 2255

Movant brings this proceeding pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his federal sentence on the grounds that the sentence was imposed in violation of the Constitution and laws of the United States and is otherwise subject to collateral attack.

Movant alleges that his sentence was materially affected by ineffective assistance of counsel, inaccurate and insufficiently challenged information in the Presentence Investigation Report ("PSR"), improper use of prior California convictions as sentencing predicates, failure to investigate the juvenile history underlying those convictions, failure to challenge the age and counting of those convictions, failure to challenge drug quantity, and deficient advice concerning sentencing exposure.

### B. Rule 2(b)

Movant submits this amended motion pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings.

Movant has stated the grounds for relief, the facts supporting each ground, and the relief requested and signs the accompanying declaration under penalty of perjury.

**C. 28 U.S.C. § 1746**

Movant verifies the factual allegations contained in this amended motion through an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

Where Movant identifies a matter as an allegation, belief, or matter requiring further record review, Movant does so because the underlying records are not presently in his possession.

**D. 18 U.S.C. § 1621**

Movant makes this declaration with knowledge that federal law provides criminal penalties for qualifying false statements made under oath or under a declaration made under penalty of perjury.

Movant therefore makes the factual allegations in this amended motion in good faith and represents them as true and correct to the best of his knowledge, information, and belief.

**II. BACKGROUND**

Movant was sentenced in federal court on or about March 21, 2024, to approximately 235 months of imprisonment.

Movant alleges that the sentence was substantially affected by the treatment of two prior California robbery convictions under California Penal Code § 211 as qualifying predicate convictions for purposes of the career-offender enhancement and/or other Guidelines calculations.

The two relevant California cases are:

1. Los Angeles County Case No. YA061893; and
2. Los Angeles County Case No. YA062601.

Movant alleges that both matters arose from conduct occurring while Movant was a juvenile.

Movant further alleges that the PSR inaccurately or incompletely described the dates and procedural history of these convictions and that trial counsel failed to investigate the underlying records and make the necessary objections.

Movant alleges that YA061893 involved a 2005 conviction arising from conduct committed when Movant was approximately 15 years old.

Movant further alleges that YA061893 was directly filed into adult criminal court rather than being transferred from juvenile court through a judicial fitness proceeding.

Movant alleges that YA062601 originated with an information filed in approximately 2004 and that the matter was subsequently brought into criminal court in approximately 2006, near the end of juvenile jurisdiction.

Movant alleges that the PSR characterized or treated these convictions as occurring in 2006, although the actual state-court records may establish different dates.

Movant respectfully requests an opportunity to obtain and present the complete California records so that the Court may determine the actual dates, procedural history, adult status, and federal sentencing significance of both convictions.

**CLAIM FOUR**

**INEFFECTIVE ASSISTANCE OF COUNSEL — FAILURE TO CHALLENGE THE USE OF CALIFORNIA PENAL CODE § 211 ROBBERY CONVICTIONS AS CAREER-OFFENDER PREDICATES**

Movant incorporates the preceding allegations.

Trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to investigate and challenge the use of Movant's two California Penal Code § 211 robbery convictions as qualifying career-offender predicates.

**A. California Penal Code § 211 robbery required a specific Guidelines challenge at Movant's 2024 sentencing**

Movant was sentenced in 2024.

The Guidelines applicable at the time of sentencing incorporated the post-Amendment-798 definition of "crime of violence."

Amendment 798 became effective August 1, 2016 and changed the Guidelines definition of "crime of violence," including the treatment of robbery and extortion.

In United States v. Bankston, 901 F.3d 1100 (9th Cir. 2018), the Ninth Circuit held that California Penal Code § 211 robbery does not categorically qualify as a crime of violence under the post-Amendment-798 Guidelines.

The Ninth Circuit explained that Amendment 798 changed the relevant Guidelines definition and that California Penal Code § 211 was broader than the amended definition.

Movant recognizes that Bankston is a Ninth Circuit decision and is therefore not controlling precedent in the Eastern District of Missouri.

Nevertheless, Bankston provided substantial legal authority that counsel should have investigated and presented to the sentencing court in 2024, particularly because Movant's two alleged predicates were California Penal Code § 211 convictions.

The Eighth Circuit itself has recognized the Bankston holding concerning California Penal Code § 211. See United States v. Shepard, 8 F.4th 729 (8th Cir. 2021).

Movant therefore alleges that reasonably competent counsel should have researched and presented the post-Amendment-798 treatment of California § 211 robbery and argued that the two convictions did not qualify as crimes of violence under the Guidelines applicable to Movant's 2024 sentencing.

Counsel failed to do so.

**B. Counsel failed to investigate whether both robbery convictions were legally qualifying predicates**

The career-offender guideline requires, among other things, at least two prior felony convictions for qualifying offenses.

Movant alleges that counsel failed to establish whether each of the two California robbery convictions independently satisfied every requirement necessary to serve as a career-offender predicate.

Counsel should have investigated:

1. the exact statute of conviction;
2. the elements of each offense;
3. the date guilt was established;
4. the sentence imposed;
5. the defendant's age at the time of the underlying conduct;
6. whether each conviction constituted an adult conviction;
7. whether each conviction received criminal-history points;
8. whether each conviction was counted separately;
9. whether each conviction remained within the applicable Guidelines time period;
10. whether each conviction qualified as a crime of violence under the Guidelines applicable in 2024; and
11. whether either conviction could lawfully supply one of the two predicates necessary for career-

offender status.

Counsel failed to perform this investigation adequately.

**C. The juvenile nature of the convictions was directly relevant to whether they qualified**

Movant alleges that both robbery offenses were committed while he was under eighteen years of age.

The 2024 Guidelines specifically address offenses committed before age eighteen and distinguish between adult and juvenile convictions for criminal-history purposes.

The Guidelines also define "prior felony conviction" for career-offender purposes by reference to an adult federal or state conviction.

Accordingly, the exact manner in which California treated each conviction is material.

If the records establish that either conviction was not an adult conviction within the meaning of the applicable Guidelines, that conviction could not simply be assumed to constitute a qualifying career-offender predicate.

Counsel failed to investigate this issue.

**D. Counsel failed to challenge the PSR**

Counsel had an obligation to review the PSR and make appropriate factual and legal objections.

Movant alleges that counsel failed to adequately object to:

1. the dates assigned to the robbery convictions;
2. the juvenile status of Movant;
3. the procedural history of YA061893;
4. the procedural history of YA062601;
5. whether the convictions were adult convictions;
6. whether the convictions were sufficiently recent to receive criminal-history points;
7. whether the convictions were counted separately;
8. whether the convictions qualified as crimes of violence;
9. whether the convictions qualified as career-offender predicates; and
10. the resulting career-offender designation.

These were not minor or immaterial issues.

The two convictions were allegedly used to satisfy the requirement of two prior qualifying convictions for career-offender treatment.

**E. Counsel's failure prejudiced Movant**

Movant alleges that the failure to challenge the two robbery convictions materially increased his federal sentencing exposure.

Had counsel successfully established that the two convictions could not be used as career-offender predicates, Movant would not have been subject to the career-offender calculation based upon those convictions.

Movant further alleges that the resulting Guidelines range would have been substantially lower.

Under Strickland v. Washington, 466 U.S. 668 (1984), counsel's deficient performance warrants relief when it prejudices the defendant.

Glover v. United States, 531 U.S. 198 (2001), recognizes that an increase in sentencing exposure may constitute prejudice.

Molina-Martinez v. United States, 578 U.S. 189 (2016), further recognizes the significance of an incorrect Guidelines range.

Movant therefore alleges that there is a reasonable probability that, absent counsel's errors, the sentencing court would have imposed a substantially lower sentence.

**F. Additional sentencing errors were part of counsel's deficient performance**

Movant further incorporates the sentencing errors alleged in his original motion, including counsel's failure to adequately challenge the drug quantity used in calculating the Guidelines range.

Movant alleges that the plea agreement attributed more than 1.5 kilograms but less than 4.5 kilograms of methamphetamine to him, while available law-enforcement and booking information reflected approximately 190 grams.

Movant alleges that counsel possessed or had access to information concerning this discrepancy but failed to adequately investigate and present the issue to the sentencing court.

Movant further incorporates his allegations concerning counsel's advice regarding his expected sentence and the statement made by counsel concerning obtaining a sentence lower than that of other defendants.

Movant does not rely upon counsel's statement as a guarantee of a particular sentence.

Rather, Movant alleges that the statement is relevant to whether counsel provided constitutionally adequate advice concerning Movant's sentencing exposure and whether counsel adequately investigated the consequences of the plea.

**CLAIM FIVE**

**DUE PROCESS AND JURISDICTIONAL DEFECTS REQUIRING INVESTIGATION OF THE JUVENILE HISTORY UNDERLYING THE TWO CALIFORNIA ROBBERY CONVICTIONS**

Movant incorporates Grounds Four and all preceding allegations.

Movant does not ask this Court to directly vacate the California convictions.

Instead, Movant challenges the federal sentence and alleges that counsel was ineffective for failing to investigate the circumstances under which the convictions were obtained and for failing to determine whether those convictions were legally usable as federal sentencing predicates.

Movant further alleges that the procedural history is necessary to determine whether the convictions qualify as adult convictions under the federal Guidelines.

**A. Case No. YA061893 — 2005 conviction and direct filing when Movant was approximately 15 years old**

YA061893 resulted in a conviction in approximately 2005.

Movant alleges that the underlying conduct occurred when he was approximately 15 years old.

Movant further alleges that the case was directly filed into adult criminal court by the prosecution.

Movant does not contend that Proposition 57 governed the proceeding because Proposition 57 was enacted in 2016.

Instead, Movant contends that the legality of the direct filing must be examined under the California law actually applicable in 2005, including the provisions enacted through Proposition 21 and the then-existing Welfare and Institutions Code § 707.

Proposition 21 expanded the circumstances under which prosecutors could directly file certain juvenile cases in adult court, including certain circumstances involving minors age 14 or older.

Therefore, the fact that Movant was 15 years old does not alone establish that the direct filing was unlawful.

The precise statutory basis for the direct filing must be determined from the state-court record.

Movant alleges, however, that his robbery case did not satisfy the statutory circumstances authorizing direct filing and that he was not provided the judicial fitness process that would otherwise have been required.

Movant further alleges that he did not personally use a firearm and that the offense did not involve circumstances that would have authorized direct filing of a 15-year-old under the applicable version of § 707(d).

Movant requests discovery of the complete YA061893 record to determine whether the prosecution possessed statutory authority to directly file the case and whether the required procedures were followed.

**B. Case No. YA062601 — matter originating in 2004 and later brought into criminal court**

YA062601 involved an information originally filed in approximately 2004.

Movant alleges that the matter originated while he remained subject to juvenile jurisdiction and that he was subsequently apprehended and/or brought into criminal court in approximately 2006, near the end of juvenile jurisdiction.

Movant alleges that counsel failed to investigate precisely when and how jurisdiction changed from juvenile jurisdiction to adult criminal jurisdiction.

Movant therefore requests the complete records concerning:

1. the original juvenile filing;
2. the date of the alleged offense;
3. Movant's age at the time;
4. the date of the original petition or information;
5. the date of apprehension;
6. the date of any transfer;
7. any juvenile-court orders;
8. any fitness hearing;
9. any transfer hearing;
10. any adult-court filing;
11. the statutory authority relied upon for adult jurisdiction; and
12. the final judgment and sentence.

**C. Proposition 57 is relevant as historical context, not as the law governing the 2004–2006 proceedings**

Movant recognizes that Proposition 57 was enacted in 2016 and therefore does not contend that Proposition 57 itself automatically invalidated convictions entered years earlier.

Proposition 57 nevertheless demonstrates the later California legislative and constitutional policy change eliminating prosecutorial direct filing and requiring judicial involvement in juvenile transfer decisions.

Movant's claim concerning YA061893 and YA062601 is based principally upon the law applicable when those cases were prosecuted and upon whether the State actually complied with the procedures governing adult jurisdiction at that time.

Movant therefore requests review of the historical California law and the actual state-court records rather than application of Proposition 57 retroactively as an automatic basis for vacating the convictions.

**D. Counsel failed to investigate the jurisdictional history**

Counsel was informed or should have discovered that the robbery convictions arose from juvenile conduct.

That information required investigation because the Guidelines distinguish between adult and juvenile convictions.

Counsel nevertheless failed to obtain and examine the complete juvenile and adult records.

Counsel failed to determine whether:

1. YA061893 was properly direct-filed;
2. YA062601 was properly transferred or brought into adult court;
3. any fitness proceeding occurred;
4. any judicial transfer order existed;
5. Movant was legally prosecuted as an adult;
6. the convictions constituted adult convictions under the Guidelines;
7. the convictions received criminal-history points; and
8. the convictions qualified as career-offender predicates.

This failure was prejudicial because the convictions were allegedly used to establish career-offender status.

**E. Limitation recognized by Daniels**

Movant acknowledges that a federal § 2255 proceeding ordinarily does not permit a defendant to use the federal sentencing proceeding as a substitute for a direct or collateral attack on an old state

conviction.

See Daniels v. United States, 532 U.S. 374 (2001).

Movant therefore does not ask this Court to enter an order vacating the California convictions.

Instead, Movant asks this Court to determine the federal sentencing consequences of the convictions and whether counsel was ineffective for failing to investigate facts necessary to determine whether the convictions qualified as federal sentencing predicates.

To the extent the Court determines that the underlying state convictions must first be challenged in California state court, Movant respectfully requests that the Court permit appropriate relief, discovery, or other proceedings consistent with applicable law.

**CLAIM SIX**

**INEFFECTIVE ASSISTANCE OF COUNSEL — FAILURE TO OBJECT THAT THE TWO CALIFORNIA ROBBERY CONVICTIONS WERE TOO OLD OR OTHERWISE OUTSIDE THE APPLICABLE GUIDELINES COUNTING PERIOD**

Movant incorporates Grounds Four and Five.

Movant alleges that counsel failed to determine whether YA061893 and YA062601 were sufficiently recent to receive criminal-history points and to serve as career-offender predicates.

**A. The applicable Guidelines contain specific time limitations**

The 2024 Guidelines contain specific rules governing the counting of prior sentences.

Section 4A1.2(e) establishes time limitations for prior sentences.

Section 4A1.2(d) separately addresses offenses committed before age eighteen.

For offenses committed before age eighteen, the Guidelines contain special rules governing when adult and juvenile sentences may be counted.

Accordingly, the analysis cannot be based merely upon the year appearing in the PSR.

The Court must examine the actual dates of:

1. the underlying offenses;
2. the convictions;

3. the sentences;
4. the commencement of any confinement;
5. release from confinement;
6. the commencement date of the federal offense; and
7. any subsequent custody related to the convictions.

**B. YA061893**

Movant alleges that YA061893 resulted in a conviction in 2005 arising from conduct committed while Movant was approximately 15 years old.

Movant alleges that this conviction was substantially older than the federal offense and sentencing proceedings.

Movant therefore alleges that counsel should have determined whether YA061893 fell outside the applicable Guidelines counting period.

If the state records establish that the conviction and sentence fell outside the applicable period and that no qualifying incarceration extended into the relevant period, the conviction should not have been counted for purposes of the applicable criminal-history calculation or used as a career-offender predicate.

**C. YA062601**

Movant alleges that YA062601 originated with an information filed in 2004 and that the case was later brought into criminal court in approximately 2006.

Movant recognizes that the precise date of conviction and sentence must be established from the state-court record.

Movant therefore does not ask the Court to assume that the conviction is time-barred solely because the case began in 2004.

Instead, Movant requests that the Court determine the actual date on which guilt was established, the sentence imposed, the period of confinement, and whether the conviction falls within the applicable Guidelines counting period.

**D. Counsel failed to investigate the counting rules**

Counsel should have obtained the records necessary to determine whether either conviction was properly countable.

Instead, Movant alleges that counsel accepted the PSR's treatment of the convictions without adequately investigating:

1. the actual conviction dates;
2. the actual sentence dates;
3. the period of confinement;
4. the release dates;
5. Movant's age at the time of the offenses;
6. whether the convictions constituted adult convictions;
7. whether they received criminal-history points;
8. whether they were counted separately; and
9. whether they remained eligible to serve as career-offender predicates.

**E. Prejudice**

The prejudice is substantial.

The two convictions were allegedly the two convictions relied upon to establish the required predicate history for career-offender status.

If either conviction was not legally countable, sufficiently recent, separately countable, or otherwise qualifying, Movant alleges that he would not have satisfied the two-predicate requirement for career-offender treatment.

Movant therefore alleges a reasonable probability that the applicable Guidelines range would have been substantially lower.

**F. Corrected sentencing range**

Movant's current understanding is that, after removal of the improper career-offender treatment and correction of the other sentencing errors, the applicable offense level could be substantially lower.

Movant previously identified a possible corrected offense level of approximately 24 before acceptance-of-responsibility adjustments and approximately 21 after a three-level reduction.

Movant recognizes that the final calculation must be determined from the PSR, plea agreement, sentencing transcript, judgment, applicable drug-quantity findings, and 2024 Guidelines Manual.

Movant further alleges that a corrected calculation could ultimately place him in a substantially lower Guidelines range, potentially including a range beginning at 33 months if the final calculation results in offense level 20 and Criminal History Category I.

Movant therefore requests that the Court order a complete resentencing based upon the legally correct

Guidelines calculation rather than predetermine the final range before the record is developed.

**REQUEST FOR EVIDENTIARY HEARING AND DISCOVERY**

Movant respectfully requests an evidentiary hearing because material factual disputes cannot be fully resolved from the present record.

Movant requests an opportunity to obtain and present evidence concerning:

1. YA061893;
2. YA062601;
3. Movant's age at the time of each offense;
4. the dates of the offenses;
5. the dates of conviction;
6. the dates of sentencing;
7. the periods of confinement;
8. the release dates;
9. the juvenile-court records;
10. any transfer or fitness proceedings;
11. the legal basis for adult jurisdiction;
12. the PSR;
13. the sentencing transcript;
14. counsel's investigation;
15. counsel's objections or failure to object;
16. the applicability of Amendment 798;
17. the treatment of California Penal Code § 211 under the applicable Guidelines;
18. the drug quantity;
19. counsel's advice concerning sentencing exposure; and
20. the correct Guidelines calculation.

Movant respectfully requests permission to obtain, subpoena, or otherwise present the relevant records.

**REQUEST FOR RELIEF**

WHEREFORE, Movant respectfully requests that this Court:

1. Grant leave to amend Movant's pending § 2255 motion to the extent necessary;
2. Treat this filing as an amendment and supplement to Movant's original § 2255 motion;
3. Preserve all grounds, claims, facts, arguments, and requests for relief contained in the original motion;
4. Determine that counsel provided ineffective assistance in violation of the Sixth Amendment;
5. Conduct an evidentiary hearing concerning the factual disputes raised in this amended motion;
6. Permit appropriate discovery;
7. Obtain and review the complete California state-court records for YA061893 and YA062601;

8. Obtain and review the complete PSR, sentencing transcript, plea agreement, judgment, and other relevant federal sentencing records;
9. Determine whether the two California Penal Code § 211 convictions qualified as crimes of violence under the Guidelines applicable at Movant's 2024 sentencing;
10. Consider United States v. Bankston, 901 F.3d 1100 (9th Cir. 2018), and other applicable authority concerning California Penal Code § 211 robbery under the post-Amendment-798 Guidelines;
11. Determine whether the two California convictions constituted qualifying adult felony convictions under the applicable career-offender provisions;
12. Determine whether either conviction was outside the applicable criminal-history counting period;
13. Determine whether the convictions were properly counted separately;
14. Determine whether the PSR contained material factual errors concerning the dates, nature, and procedural history of the convictions;
15. Determine whether counsel was ineffective for failing to investigate and object to those errors;
16. Determine whether counsel was ineffective for failing to investigate the juvenile and adult-court jurisdictional history of YA061893 and YA062601;
17. Determine whether counsel was ineffective for failing to challenge the use of the robbery convictions as career-offender predicates;
18. Determine whether counsel was ineffective for failing to challenge the drug quantity;
19. Determine whether counsel was ineffective in advising Movant concerning his sentencing exposure and guilty plea;
20. Vacate, set aside, or correct Movant's sentence pursuant to 28 U.S.C. § 2255;
21. Remove any improperly applied career-offender enhancement or other improper sentencing enhancement;
22. Recalculate Movant's Guidelines range using the correct law, facts, criminal-history calculation, and drug quantity;
23. Order a new sentencing hearing based upon the corrected calculation;
24. Impose whatever sentence is authorized by law after the corrected Guidelines calculation, including, if supported by the corrected calculation and the Court's sentencing determination, a sentence at or below the applicable low end of the corrected Guidelines range;
25. If the corrected sentence establishes that Movant has already served the lawful term of imprisonment, grant such relief as is authorized by law, including release subject to any lawful term of supervised release; and
26. Grant such other and further relief as the Court deems just and proper.

**PRESERVATION OF ORIGINAL CLAIMS**

Movant expressly preserves every claim and ground contained in his original § 2255 motion.

Nothing in this amended filing should be construed as abandoning, waiving, withdrawing, or replacing any previously asserted claim.

Movant respectfully requests that the Court consider the original motion together with this amended filing.

To the extent the Court determines that any portion of this amended motion requires additional factual

development, clarification, or amendment, Movant respectfully requests an opportunity to amend or supplement that portion in accordance with the Federal Rules and the Court's orders.

**DECLARATION AND VERIFICATION UNDER 28 U.S.C. § 1746**

I, Dedrick Jordan, Movant in the above-captioned matter, have read the foregoing Movant's Amended Claims Under 28 U.S.C. § 2255.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing factual allegations are true and correct to the best of my knowledge, information, and belief.

I make this declaration pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings.

I understand that federal law provides criminal penalties for qualifying false statements made under oath or under a declaration made under penalty of perjury.

I therefore make the factual allegations in this amended motion in good faith.

Where I have identified a matter as an allegation, belief, or matter requiring further record review, I have done so because the underlying records are not presently in my possession.

I respectfully request an opportunity to obtain and present those records through appropriate discovery and/or an evidentiary hearing.

I further declare that I have not knowingly stated as fact anything that I do not believe to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09 | 28, 2026.

DEDRICK JORDAN
Movant, Pro Se

Federal Register No.: 34171-510

**RESPECTFULLY SUBMITTED**

DEDRICK JORDAN

Movant, Pro Se

Case No. 4:26-CV-01497-MTS

Date: 09/28, 2026