**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEDRICK DESHON JORDAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-01497-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of federal prisoner Dedrick Deshon Jordan's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. [1]. Because it appears the motion is untimely, the Court will order Jordan to show cause why this case should not be dismissed. *See* Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

## I. Background

On August 21, 2023, Jordan pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(B). *United States v. Jordan*, No. 4:21-cr-0013-MTS-3 (E.D. Mo. 2021). On March 26, 2024, the Court sentenced Jordan to serve 235 months in prison followed by 4 years of supervised release. *Id.* The Court allowed Jordan to remain on bond pending his voluntary surrender to the Bureau of Prisons. *Id.*

Jordan appealed the Court's judgment. *United States v. Jordan*, No. 24-1663 (8th Cir. 2024). He unsuccessfully moved to remain on bond pending appeal, and he later failed to surrender as ordered and removed his GPS monitoring device. The Court authorized a warrant

for his arrest. In his appeal, the government filed a motion on June 4, 2024 seeking dismissal of the appeal pursuant to the fugitive-disentitlement doctrine and because Jordan had waived his right to appeal his sentence. *Id.* On July 25, 2024, the Court of Appeals granted the government's motion and dismissed the appeal. Jordan did not file a petition for writ of certiorari. He was ultimately apprehended and is now incarcerated in the Federal Correctional Complex, Victorville.

It appears Jordan tried to certify that he placed his original motion in his institution's mailing system on a particular date in September 2026. *See* Doc. [1] at 12.[*] It appears that Jordan wrote the number "1" as the first digit, but the second digit is too faint to read. *See id.* Jordan's motion was docketed in this Court on September 17, 2026. Based on what the Court can discern from Jordan's original motion, the Court will consider the motion filed on, at the earliest, September 10, 2026. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding that the prison mailbox rule applies to pro se § 2255 motions).

## II. Discussion

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must examine a § 2255 motion and summarily dismiss it if it plainly appears the movant is not entitled to relief. A one-year limitations period applies to § 2255 motions and runs from the latest of four possible dates. 28 U.S.C. § 2255(f)(1)-(4). Here, the applicable date appears to be the date on which the judgment of conviction became final. *See id.* § 2255(f)(1).

When, as here, a criminal defendant appeals from the judgment of conviction but does not file a petition for a writ of certiorari, judgment becomes final when the time for filing a petition for writ of certiorari expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

[*] Jordan filed an amended motion on October 1, 2026, but when considering the date Jordan filed this case, the Court references his original motion.

According to the Rules of the Supreme Court of the United States, a certiorari petition must be filed "within 90 days after entry of the judgment." Sup. Ct. R. 13(1). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13(3). *See Clay*, 537 U.S. at 524–25, 527 (rejecting the issuance of the appellate court mandate as the triggering date).

**III. Conclusion**

The Court of Appeals dismissed Jordan's appeal on July 25, 2024, and judgment became final for the purposes of the federal limitations period 90 days later, on October 23, 2024. Jordan did not file the instant motion until, at the earliest, September 10, 2026. It therefore appears the motion is time-barred. The Court will therefore order Jordan to show cause in writing why it should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Thursday**, **November 5, 2026**, Petitioner Dedrick Jordan shall show cause, in writing, why the Court should not dismiss this case as time barred. If Jordan does not respond to this order or adequately show cause in writing why this case should not be dismissed, the Court will dismiss this case with prejudice and without further notice.

Dated this 6th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE