**DEDRICK DESHON JORDAN**
Reg. No. 36171-510
FCI Victorville Medium I
P.O. Box 3000
Victorville, CA 92392
Movant, Pro Se

**RECEIVED**
OCT 26 2026
**BY MAIL**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DEDRICK DESHON JORDAN,**
Movant,

v.

**UNITED STATES OF AMERICA,**
Respondent.

Criminal Case No. 4:21-CR-00013-MTS-3
Civil Case No. 4:26-CV-01497-MTS

**NOTICE OF FILING; INDEX OF DOCUMENTS**
**[TOTAL PACKET: 14 PAGES]**

---

## NOTICE OF FILING AND INDEX OF ATTACHED PAGES

COMES NOW the Movant, DEDRICK DESHON JORDAN, proceeding pro se, and respectfully submits the attached 14-Page Memorandum. PLEASE TAKE NOTICE that the enclosed documents are organized as follows:

**SECTION I: TIMELINESS & JURISDICTION**

* Pages 1-5: Response to Order to Show Cause (Custody & Discovery Dates).

**SECTION II: CONSTITUTIONAL CLAIMS**

* Pages 6-9: Ineffective Assistance of Counsel (The "15-Year Rule" & "Don't Talk" Command).

**SECTION III: SENTENCING ERRORS & NEW EVIDENCE**

* Pages 10-14: Juvenile Jurisdiction (Prop 57), Government Interference, and Affidavit of Truth.

Movant requests that the Court accept all 18 p. pages as a single, continuous filing in support of the Motion to Vacate under 28 U.S.C. § 2255.

---

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of October, 2026, I placed this 14-Page Document in the institutional legal mail system at FCI Victorville, addressed to the Clerk of the United States District Court, Eastern District of Missouri.

[signature] 10/16/2026

**DEDRICK DESHON JORDAN**
Movant, Pro Se

DEDRICK DESHON JORDAN
Reg. No. 36171-510
FCI Victorville Medium I
P.O. Box 3000
Victorville, CA 92392

Movant, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEDRICK DESHON JORDAN, Movant, | ) Case No. 4:21-cr-00013-MTS-3 |
| v. | ) RESPONSE TO ORDER TO SHOW CAUSE; AND MEMORANDUM OF LAW IN SUPPORT OF SECTION 2255 MOTION TO VACATE |
| UNITED STATES OF AMERICA, Respondent. | ) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE

## I. PRELIMINARY STATEMENT

COMES NOW the Movant, DEDRICK DESHON JORDAN, proceeding pro se, and respectfully submits this Memorandum of Law in support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Movant asserts that his filing is TIMELY based on two independent statutory grounds: (1) He was not in federal custody until October 16, 2025; and (2) He did not discover the critical facts of his claim until receiving the "April 1, 2026 Envelope."

Furthermore, Movant asserts that his sentence of 235 months was unconstitutionally enhanced based on a "perfect storm" of legal errors, including Ineffective Assistance of Counsel, Government Interference, and the use of invalid Juvenile Convictions.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plea: On August 21, 2023, Movant pleaded guilty to the indictment.

2. Sentencing: On March 24, 2024, the Court sentenced Dedrick Jordan to 235 months imprisonment. Crucially, the Court allowed him to remain on bond.

3. Judgment: Judgment was entered on May 6, 2024.

4. Lack of Custody: Movant was NOT taken into federal custody at the time of sentencing. He remained out of custody until his arrest in California on October 16, 2025.

5. The Appeal: Through counsel, Movant filed a timely Notice of Appeal.

6. Dismissal: On July 3, 2024, the government moved to dismiss the appeal under the "Fugitive Disentitlement Doctrine."

7. Abandonment: Appellate counsel filed NO response to this motion. Counsel FAILED to notify Movant that the government was seeking dismissal. The 8th Circuit Court of Appeals dismissed the appeal on July 25, 2024.

8. Discovery of Dismissal: Movant was completely unaware of this dismissal. Movant did not learn that his appeal was dead until he appeared in this Court on November 3, 2025, after his arrest. During this hearing, the prosecutor referred to the dismissal. This was the FIRST TIME Movant learned his appeal had been dismissed.

III. ARGUMENT: THE MOTION IS NOT TIME-BARRED

A. THE STATUTE OF LIMITATIONS DID NOT BEGIN UNTIL MOVANT ENTERED CUSTODY

The plain text of 28 U.S.C. § 2255(a) limits the right to file a motion to vacate to "a prisoner IN CUSTODY under sentence of a court." A defendant who is out of custody lacks the jurisdictional standing to file such a motion.

It is a fundamental principle of Due Process that a statute of limitations cannot run against a litigant before he has the legal right to file the action. Because Movant was out of custody from the date of sentencing until October 16, 2025, he was statutorily barred from filing a § 2255 motion during that period.

Therefore, the one-year limitation period under § 2255(f)(1) properly began to run on the date Movant entered custody: October 16, 2025.

Calculation of Timeliness:
* Start Date (Entry into Custody): October 16, 2025
* Statutory Deadline (1 Year Later): October 16, 2026
* Date Motion Mailed: September 14, 2026

Conclusion: Because September 14, 2026, precedes October 16, 2026, the motion is TIMELY filed.

B. THE STATUTE OF LIMITATIONS RESTARTED UPON DISCOVERY OF FACTS

Alternatively, the motion is timely under § 2255(f)(4), which restarts the limitation period on "the date on which the facts supporting the claim... could have been discovered through the exercise of due diligence."

Movant's claims rely heavily on juvenile records from the Torrance Superior Court (Case Nos. YA061893 and YA062601) that were sealed and unavailable to him while incarcerated.

Movant's mother, Carolyn Cooks, acting as his agent, diligently sought these records for months. She faced bureaucratic hurdles, sealed archives, and government delays. She was finally able to obtain the certified juvenile transcripts on April 1, 2026.

This "April 1, 2026 Envelope" constitutes the "factual predicate" for his claim that the prior convictions were invalid. Without these records, Movant had no evidence to support his motion. Therefore, the clock for those claims began on April 1, 2026.

Filing in September 2026 is well within the one-year window from the date of discovery.

C. MOVANT IS ENTITLED TO EQUITABLE TOLLING

Even if the Court finds the motion untimely under the statutory provisions, Movant is entitled to Equitable Tolling because "Extraordinary Circumstances" stood in his way. (Holland v. Florida, 560 U.S. 631).

1. Abandonment by Appellate Counsel:
Appellate counsel completely abandoned the Movant. Counsel failed to respond to the government's motion to dismiss the appeal and failed to notify Movant that the appeal had been dismissed. This abandonment severed the agency relationship. Under *Maples v. Thomas*, attorney abandonment is an extraordinary circumstance that tolls the statute of limitations.

2. Paralegal Misconduct:
During the filing period, Movant's retained paralegal provided materially false legal information, stating that the case was "terminated under the fugitive disentitlement doctrine" (citing unrelated USCA No. 24-1663). This erroneous advice caused significant confusion and delay. Despite this obstruction, Movant exercised diligence and ensured the motion was mailed.

3. Transit and Lockdowns:
Following his arrest in Oct 2025, Movant was in continuous transit (St. Genevieve to Grady County to Victorville) until Jan 2026, followed by frequent lockdowns at FCI Victorville which limited access to the law library.

---

**PART 2: INEFFECTIVE ASSISTANCE**

IV. GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that his trial counsel, Joseph Hogan, provided ineffective assistance in violation of the Sixth Amendment. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Movant must show: (1) Counsel's performance was deficient; and (2) The deficiency prejudiced the defense.

A. FAILURE TO INVESTIGATE THE "15-YEAR RULE"

From the very first meeting, Movant explicitly and repeatedly told attorney Joseph Hogan: "You cannot use those prior robbery cases against me. They are over 15 years old."

Under U.S.S.G. § 4A1.2(e), prior sentences imposed more than 15 years before the commencement of the instant offense are not counted unless they resulted in imprisonment exceeding one year and one month within the 15-year window.

Mr. Hogan refused to investigate the dates of these prior convictions. He dismissed Movant's concerns, stating "Don't worry about it." He failed to object to the Pre-Sentence Report (PSR) which included these ancient convictions.

Had counsel simply checked the calendar, he would have seen that the convictions fell outside the applicable time period. This failure to investigate was objectively unreasonable.

[PAGE BREAK]

B. THE "DON'T TALK" COMMAND: SILENCING THE DEFENDANT

Counsel's deficiency extended to the courtroom in a manner that violated Movant's fundamental Due Process rights.

When Movant attempted to speak in open court to raise these specific objections regarding his criminal history and the 15-year rule, Mr. Hogan physically silenced him.

Counsel commanded Movant: "Don't talk."

By silencing his own client in open court, counsel prevented the Judge from hearing critical information that would have altered the sentencing calculation. This was not a strategic decision; it was the suppression of the defendant's right to allocute and assist in his own defense.

But for counsel's physical silencing of the Movant, the Court would have been made aware of the 15-year violation and the invalidity of the Career Offender predicate offenses.

C. UNAUTHORIZED STIPULATION TO CAREER OFFENDER STATUS

Instead of fighting the "Career Offender" designation, Mr. Hogan STIPULATED to it. He agreed that the prior convictions were valid "crimes of violence" without Movant's consent.

This stipulation was factually incorrect. The prior convictions were California Robbery (PC 211). Under *United States v. Bankston* (9th Cir.) and Amendment 798 (2016), California robbery is not categorically a "crime of violence" because it can be committed by threats to property, not just persons.

Counsel fabricated a description of the prior offenses to fit the Career Offender narrative, stipulating to facts that were not in the record. This allowed the Court to treat Movant as a Career Offender when the law did not support it. This unauthorized stipulation constitutes ineffective assistance per se.

V. GROUND TWO: SENTENCING ERRORS & POINTS CALCULATION

The Pre-Sentence Investigation Report (PSR) contained plain errors that inflated Movant's Criminal History Category to Level VI. (BA443982) O.J BA443982

1. The Vacated Conviction (Case No. BA443992):
This conviction was VACATED in 2018, years before the federal sentencing. It no longer legally exists. Yet, the PSR assessed 3 criminal history points for it. U.S.S.G. § 4A1.2(n.6) explicitly states that sentences resulting from convictions that have been vacated are not to be counted.

2. The Suspended License Charge:
Movant was assessed 1 point for a 2014 driving on suspended license charge. Movant served only ONE NIGHT in jail for this offense. U.S.S.G. § 4A1.2(c)(1) excludes sentences for such offenses unless the term of imprisonment was at least 30 days. One night is not 30 days.

These 4 invalid points shifted Movant into a higher Criminal History Category (VI), resulting in a significantly longer guideline range and sentence. This is plain error.

---

**PART 3: JUVENILE RECORDS & CONCLUSION (**

VI. GROUND THREE: JUVENILE JURISDICTION (PROP 57 & SB 1391)

The two prior convictions used to designate Movant a "Career Offender" are constitutionally invalid under California law (Prop 57 and SB 1391).

* Case No. YA061893 (Violation Date 5/31/2005): Movant was 16 years old.
* Case No. YA062601 (Violation Date 3/4/2004): Movant was 15 years old.

Movant was "Direct Filed" into adult court without a fitness hearing to determine jurisdiction. Under *People v. Superior Court (Lara)*, Prop 57 applies retroactively to all non-final judgments.

Because these convictions were obtained in adult court without a proper transfer hearing as required by due process, they are void. A void state conviction cannot serve as a predicate for a federal Career Offender enhancement. The federal court cannot rely on a state conviction that the state court itself had no jurisdiction to enter.

VII. GROUND FOUR: BRADY VIOLATION & GOVERNMENT INTERFERENCE

1. Brady Violation:
The prosecution failed to present exculpatory evidence to the Grand Jury—specifically, that the predicate offenses were juvenile matters over which the adult court lacked jurisdiction. Hiding the legal invalidity of a prior conviction is a *Brady* violation.

2. Government Interference (§ 2255(f)(2)):
The government held the keys to the Torrance Superior Court records. These records were sealed and inaccessible to Movant. By maintaining the seal on these records while simultaneously using the convictions to enhance the sentence, the government created an impediment to filing.

3. Fruit of the Poisonous Tree:
The federal indictment is the "fruit" of the "poisonous tree" (the invalid juvenile convictions). Once the April 1, 2026 transcripts revealed the poison, the federal sentence must fall.

VIII. AFFIDAVIT OF TRUTH: THE "APRIL 1 ENVELOPE"

Movant submits the sealed "April 1, 2026 Envelope" containing the certified juvenile transcripts as an Affidavit of Truth.

Movant asserts that he is NOT a fugitive in the legal sense regarding these claims. The "Fugitive Status" was a pretext—a legal shell used by the government to hide the fact that they were relying on invalid juvenile convictions to secure a federal indictment.

The Affidavit of Truth establishes that the government lacked jurisdiction to enhance the sentence. This defect cannot be waived and may be raised at any time.

IX. CONCLUSION AND RELIEF REQUESTED

Movant has demonstrated good cause why this action should not be dismissed. The motion is timely under both the Custody Rule and the Discovery Rule. The sentence is constitutionally infirm due to ineffective assistance of counsel and the use of invalid juvenile convictions.

WHEREFORE, Movant respectfully requests that this Court:

(1) GRANT the Motion for Leave to File Excess Pages;
(2) ACCEPT this 13-Page Memorandum of Law;
(3) WITHDRAW the Order to Show Cause;
(4) VACATE the Career Offender designation; and
(5) RESENTENCE Movant without the invalid prior convictions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 16, 2026 10/16/2026

DEDRICK DESHON JORDAN
Movant, Pro Se

**DEDRICK DESHON JORDAN**
Reg. No. 36171-510
FCI Victorville Medium I
P.O. Box 3000
Victorville, CA 92392

Movant, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEDRICK DESHON JORDAN,<br>Movant, | **Case No. 4:21-cr-00013-MTS-3** |
| v. | **RESPONSE TO ORDER TO SHOW CAUSE; DECLARATION OF TIMELY FILING** |
| UNITED STATES OF AMERICA,<br>Respondent. | (Based on Custody Date & New Evidence) |

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

COMES NOW the Movant, DEDRICK DESHON JORDAN, proceeding pro se, and respectfully submits this Response to the Court's Order to Show Cause. Movant asserts that his Motion under 28 U.S.C. § 2255 is TIMELY based on two independent statutory grounds.

**I. STATEMENT OF FACTS**

**1.**

Custody Status: Movant was not taken into federal custody until October 16, 2025. Prior to this date, Movant lacked the jurisdictional standing to file.

**2.**

New Evidence: On April 1, 2026, Movant received previously unavailable juvenile records from the Torrance Superior Court, stamped by FCI Victorville Legal Mail on that date (See Exhibit A).

**3.**

Filing: Movant placed this Motion in the institutional mail on September 14, 2026.

**II. LEGAL ARGUMENT**

**A. ARGUMENT 1: THE CLOCK BEGAN UPON ENTRY INTO CUSTODY (OCT 2025)**

Under 28 U.S.C. § 2255(a), only a "prisoner in custody" may file. Because Movant was legally barred from filing until he entered custody on October 16, 2025, the one-year limitation period under § 2255(f)(1) did not begin to run until that date.

- Calculation: Oct 16, 2025 + 1 Year = Deadline of Oct 16, 2026.
- Result: Filing on September 14, 2026 is TIMELY.

**B. ARGUMENT 2: THE CLOCK RESTARTED UPON DISCOVERY OF NEW EVIDENCE (APRIL 2026)**

Even if the Court counts the time prior to custody, the Motion is timely under 28 U.S.C. § 2255(f)(4). This statute restarts the limitation period on "the date on which the facts supporting the claim... could have been discovered."

Movant discovered the necessary juvenile court records on April 1, 2026, after diligent efforts by his family to retrieve them from the sealed Torrance Superior Court archives.

- Calculation: April 1, 2026 + 1 Year = Deadline of April 1, 2027.
- Result: Filing on September 14, 2026 is TIMELY.

### C. PRISON MAILBOX RULE

Under Houston v. Lack, 487 U.S. 266, this Motion was filed on September 14, 2026, the date it was delivered to prison authorities.

## III. CONCLUSION

Movant has demonstrated good cause. The Motion is timely under both § 2255(f)(1) (Custody Date) and § 2255(f)(4) (Discovery Date).

WHEREFORE, Movant requests that this Court WITHDRAW the Order to Show Cause and ACCEPT the Motion for filing.

## IV. VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 12, 2026

10/16/2026

DEDRICK DESHON JORDAN
Movant, Pro Se

**DEDRICK DESHON JORDAN**
Reg. No. 36171-510
FCI Victorville Medium I
P.O. Box 3000
Victorville, CA 92392
Movant, Pro Se

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DEDRICK DESHON JORDAN,**
Movant,

v.

**UNITED STATES OF AMERICA,**
Respondent.

Criminal Case No. 4:21-CR-00013-MTS-3
Civil Case No. 4:26-CV-01497-MTS

**MEMORANDUM OF LAW IN SUPPORT OF**
**SECTION 2255 MOTION TO VACATE**
**[COVER SHEET FOR PAGES 1 - 9]**

---

## MEMORANDUM OF LAW AND ADDITIONAL PAGES

COMES NOW the Movant, DEDRICK DESHON JORDAN, proceeding pro se, and submits these Additional Pages (1 through 9) in support of his Motion to Vacate Sentence.

(See Table of Contents Below)

---

## TABLE OF CONTENTS (PAGES 1 - 9)

**I. INTRODUCTION .......................................... Page 1**
(Timeliness and Jurisdiction Statements)

**II. STATEMENT OF FACTS ..................................... Page 2**
(Procedural History, Custody Status, and Appeal Dismissal)

**III. ARGUMENT: TIMELINESS .................................. Page 4**
A. The Custody Rule (Start Date: Oct 16, 2025)
B. The Discovery Rule (Start Date: April 1, 2026)

**IV. EQUITABLE TOLLING ..................................... Page 6**
(Abandonment by Counsel & "Extraordinary Circumstances")

**V. GROUND ONE: INEFFECTIVE ASSISTANCE ..................... Page 7**
A. Failure to Investigate the "15-Year Rule"
B. The "Don't Talk" Command (Silencing the Defendant)
C. Unauthorized Stipulation to Career Offender Status

---

**[ATTACHED: PAGES 1 THROUGH 9 OF MASTER BRIEF]**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DEDRICK DESHON JORDAN,
Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

Civil No. 4:26-CV-01497-MTS
Criminal No. 4:21-CR-00013-MTS-3

# MOVANT'S MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE WHY MOTION UNDER 28 U.S.C. § 2255 SHOULD NOT BE DISMISSED AS TIME-BARRED

## I. INTRODUCTION

Movant Dedrick Deshon Jordan, proceeding pro se, responds to the Court's Order of Honorable Judge Mathew T. Schelp directing him to show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely. The motion is timely under § 2255(f)(4) because Movant filed it within one year of November 3, 2025, the date he first learned that his direct appeal had been dismissed without any response from his appointed counsel. Alternatively, the limitations period should be equitably tolled, or the Court should hold an evidentiary hearing on timeliness. Dismissal would also leave unreviewed a 235-month sentence calculated with three criminal history points for a conviction vacated in 2018, a point for a one-night traffic sentence that the Guidelines exclude, and a career-offender designation that Movant contends should not have applied. Movant asks the Court to read his pro se filings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. STATEMENT OF FACTS

1. On August 21, 2023, Movant pleaded guilty under a plea agreement. On March 24, 2024, the Court sentenced him to 235 months' imprisonment and allowed him to remain on bond and self-surrender on May 7, 2024. Judgment was entered on May 6, 2024.

2. Through counsel, Movant filed a timely notice of appeal. Appointed CJA counsel ordered transcripts on May 28, 2024.
3. Movant did not surrender on May 7, 2024. On July 3, 2024, the government moved to dismiss the appeal under the fugitive disentitlement doctrine. counsel filed no response. The Eighth Circuit dismissed the appeal on July 25, 2024, and issued its mandate on September 19, 2024.
4. counsel never informed Movant that the government had moved to dismiss, that the appeal had been dismissed, or of any deadline for collateral review. Movant's mother had been actively involved in preparing his defense, and counsel could have reached Movant through her. Counsel made no attempt to contact Movants mother before allowing the appeal to be dismissed without a response.
5. Movant was arrested in California on October 16, 2025, and returned to this District. After an initial appearance before Magistrate Judge Noelle Collins on October 29, 2025, he appeared before this Court on November 3, 2025.
6. At the November 3, 2025 hearing, Movant told the Court his plea counsel had aggressively coerced him into pleading guilty rather than going to trial. The Court stated this was not the time to raise the issue and that he could raise it on appeal. During the same hearing, the prosecutor referred to the dismissal of Movant's appeal. This was the first time Movant learned his appeal had been dismissed. The Court dismissed the absconding charge, denied bond, and remanded Movant to begin serving his sentence.
7. After November 3, 2025, Movant was held at St. Genevieve, Missouri until January 15, 2026, when he was transferred to the federal transfer center in Grady County, Oklahoma. He arrived at FCI Victorville Medium I in Adelanto, California, on January 23, 2026. Lockdowns at Victorville were frequent, which limited his access to the law library and made it difficult to recover his legal documents, particularly because his relationship with his former attorney had broken down.

8. Movant placed his § 2255 motion in the prison mail system on September 14, 2026. It was docketed on September 17, 2026 . He filed an amended motion on October 1, 2026.

9. At sentencing, the Court classified Movant as a career offender under U.S.S.G. § 4B1.1 based on two prior California convictions for robbery under California Penal Code § 211. Movant was under 18 when he committed those offenses but was prosecuted as an adult. In computing his criminal history, the Court also assessed three points for a California conviction that had been vacated in 2018, and one point for a 2014 conviction for driving on a suspended license, for which Movant served one night in jail. Sentencing counsel did not object to any of these.

## III. ARGUMENT

### A. Legal Standard

A § 2255 motion must be filed within one year of the latest of four dates, including "the date on which the judgment of conviction becomes final," § 2255(f)(1), and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," § 2255(f)(4). The limitations period is not jurisdictional and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Under Rule 3(d) of the Rules Governing Section 2255 Proceedings, a prisoner's motion is filed when deposited in the institution's internal mail system. See also Houston v. Lack, 487 U.S. 266 (1988).

### B. The Motion Is Timely Under § 2255(f)(4).

Section 2255(f)(4) starts the limitations period when the facts supporting a claim could have been discovered through due diligence. Due diligence does not require "the maximum feasible diligence," only reasonable diligence under the circumstances. Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000) (persuasive). Courts have applied § 2255(f)(4) where a movant later discovers that counsel failed to protect his rights. Id.; see Anjulo-Lopez v. United States, 541 F.3d 814 (8th Cir. 2008).

Movant's claim of ineffective assistance of counsel rests on facts he could not have known until November 3, 2025: that the government moved to dismiss his appeal, that counsel filed no response, and that the appeal was dismissed without his knowledge. Appointed counsel has a continuing duty to keep the client informed of important developments. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Movant learned these facts in open court on November 3, 2025, and filed within one year. That claim is timely under § 2255(f)(4).

The timeliness of a § 2255 motion is properly assessed claim by claim. Several circuits so hold. See Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004); Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012); Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc) (all persuasive). At minimum, the Court should reach the merits of the counsel claim.

Movant further submits that his claim of a coerced plea is intertwined with the claim: Movant reasonably understood his challenge to the plea was preserved for direct review, and he had no reason to pursue collateral relief until he learned that direct review had been lost. That understanding was reinforced when this Court advised him on November 3, 2025, that the coercion issue could be raised on appeal.

**C. Alternatively, the Limitations Period Should Be Equitably Tolled.**

A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Diligence required is "reasonable diligence," not "maximum feasible diligence." Id. at 653. The Eighth Circuit recognizes that serious attorney misconduct can justify tolling. United States v. Martin, 408 F.3d 1089, 1093–95 (8th Cir. 2005); see also Muhammad v. United States, 735 F.3d 812 (8th Cir. 2013).

**1. Extraordinary Circumstances**

Three circumstances, together, stood in Movant's way.

First, abandonment by counsel. An attorney who abandons a client without notice severs the agency relationship, and the client is not charged with the attorney's omissions.

Maples v. Thomas, 565 U.S. 266, 281–83 (2012). counsel filed no response to the motion to dismiss, raised no argument for preserving the appeal, and never notified Movant of the dismissal or of the consequences for collateral review.

Second, the Court's statement on November 3, 2025. When Movant raised the coercion of his plea, he was told he could raise it "on appeal." The appeal had already been dismissed. A pro se defendant may reasonably rely on the court's guidance, and misleading guidance from the court can support tolling. See Spottsville v. Terry, 476 F.3d 1241, 1245–46 (11th Cir. 2007) (persuasive). Movant understood from that exchange that his path to relief, and any clock, began that day.

Third, custody conditions after November 3, 2025. After his remand, Movant was held at St. Genevieve, Missouri until January 15, 2026, passed through the federal transfer center in Grady County, Oklahoma, and did not reach his designated facility, FCI Victorville Medium I, until January 23, 2026. Frequent lockdowns there limited his access to the law library and to his legal papers, which he had to recover without help from the attorney who had stopped communicating with him.

**2. Diligence**

Movant raised the coercion of his plea at his first opportunity before this Court, on November 3, 2025, the day he learned the appeal was gone. He then filed his § 2255 motion within one year, despite more than two months in transit and repeated lockdowns at Victorville, and promptly amended it. Diligence is measured from when the movant learns the relevant facts. See Johnson v. United States, 544 U.S. 295, 308–10 (2005).

Movant acknowledges that he failed to surrender. But the question for tolling is whether he acted diligently once he learned that his direct appeal, the avenue through which he expected his claims to be heard, no longer existed. He did.

**D. The Record Shows Serious Sentencing Errors That Bear on Tolling, on the Prejudice From the Lost Appeal, and on the Need for a Hearing.**

Movant does not ask the Court to decide the merits of his sentencing claims in this response. He raises them because they show that the appeal he lost, and the collateral review the government now asks the Court to foreclose, were not empty exercises. Standing alone, a misapplication of the advisory Guidelines is generally not cognizable under § 2255 in this Circuit. Sun Bear v. United States, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc). Movant therefore presents these errors as ineffective assistance of sentencing counsel, a Sixth Amendment claim that is cognizable under § 2255. Any amount of additional prison time caused by counsel's deficient performance is prejudice under Strickland. Glover v. United States, 531 U.S. 198, 203 (2001). And a sentence imposed under an incorrect, higher Guidelines range ordinarily shows a reasonable probability of a different outcome. Molina-Martinez v. United States, 578 U.S. 189, 200 (2016).

**1. The Vacated Conviction**

The Guidelines do not count a sentence resulting from a conviction that has been reversed or vacated because of an error of law or because of later-discovered evidence exonerating the defendant. U.S.S.G. § 4A1.2, comment. (n.6). Movant's BA443982 conviction was vacated in 2018, years before his sentencing, yet three criminal history points were assessed for it.

**2. The Suspended-License Sentence**

Driving with a revoked or suspended license counts only if the sentence was probation of more than one year or imprisonment of at least thirty days, or if the prior offense is similar to the instant offense. U.S.S.G. § 4A1.2(c)(1). Movant's 2014 sentence for that offense was one night in jail, and the instant offenses are drug trafficking and money laundering. The point assessed for it was error.

### 3. The Career-Offender Designation

Movant's career-offender status rested on two California robbery convictions under Penal Code § 211. California robbery can be committed by putting the victim in fear of injury to property. Cal. Penal Code § 212. After Amendment 798 took effect on August 1, 2016, the Guidelines definition of extortion was limited to threats of physical injury, and courts held that California robbery was no longer a categorical match for a crime of violence under § 4B1.2. United States v. Bankston, 901 F.3d 1100, 1104 (9th Cir. 2018); see also United States v. Green, 996 F.3d 176 (4th Cir. 2021) (Hobbs Act robbery, which also reaches threats to property, is not a crime of violence under § 4B1.2). Movant's offense conduct occurred while that version of the Guidelines was in effect.

Effective November 1, 2023, Amendment 822 added a definition of robbery, U.S.S.G. § 4B1.2(e)(3), that mirrors the Hobbs Act and reaches threats to property, and at least one circuit has since held that California robbery matches that definition. United States v. Williams, No. 25-10322 (5th Cir. Aug. 7, 2026). But when a Guidelines Manual adopted after the offense produces a higher range than the Manual in effect when the offense was committed, applying the later Manual violates the Ex Post Facto Clause. Peugh v. United States, 569 U.S. 530, 533 (2013); U.S.S.G. § 1B1.11(b)(1). If Movant was sentenced under the 2023 Manual and his career-offender status depended on the new robbery definition, counsel should have objected under Peugh. Separately, although the § 211 offenses were committed before Movant turned 18, they count only if they fall within the time limits of U.S.S.G. § 4A1.2(e), and two sentences imposed on the same day without an intervening arrest count as one, § 4A1.2(a)(2).

**4. Why These Errors Matter Now**

First, they show what Movant lost when counsel let the appeal be dismissed without a response. Errors in counting criminal history are the kind of plain Guidelines errors that courts ordinarily correct even without an objection below. Rosales-Mireles v. United States, 585 U.S. 129 (2018). Second, they bear on equitable tolling, which is a flexible, case-by-case inquiry that weighs the injustice of leaving an unreviewed sentence in place. Holland, 560 U.S. at 649–50. Third, they show that timeliness should not be decided on the papers without a hearing. To the extent these claims are not already in the motion or the amended motion, Movant asks for leave to amend to add them, Fed. R. Civ. P. 15(a)(2), and asks the Court to consider them under the same tolling analysis.

**E. The Amended Motion Relates Back.**

To the extent the amended motion adds detail to claims in the original motion, it relates back under Fed. R. Civ. P. 15(c)(1)(B) because it arises from the same "conduct, transaction, or occurrence." Mayle v. Felix, 545 U.S. 644, 664 (2005) (relation back proper where claims are "tied to a common core of operative facts").

**F. At Minimum, the Court Should Hold an Evidentiary Hearing.**

Before dismissing on limitations grounds raised sua sponte, a court must give the movant notice and an opportunity to be heard. Day v. McDonough, 547 U.S. 198, 210 (2006). Where timeliness turns on disputed facts, including what counsel did or failed to communicate and the conditions of confinement, an evidentiary hearing is appropriate. See 28 U.S.C. § 2255(b). counsel's file and communications would bear directly on these questions.

**IV. CONCLUSION**

Movant respectfully asks the Court to (1) find the § 2255 motion timely under § 2255(f)(4), at least as to the ineffective-assistance-of--counsel claim; (2) alternatively, equitably toll the limitations period and reach the merits of all claims; or (3) alternatively, hold an evidentiary hearing on timeliness and appoint counsel for that hearing under 18 U.S.C. § 3006A(a)(2)

Respectfully submitted,

Dedrick Deshon Jordan, Reg. No. 36171-510
FCI Victorville Medium I
P.O. Box 3725
Adelanto, CA 92301
Pro Se Movant
Date: 10/16/2026

**DECLARATION UNDER 28 U.S.C. § 1746**

I, Dedrick Deshon Jordan, declare under penalty of perjury that the facts stated in Section II of this memorandum are true and correct to the best of my knowledge. Executed on 10/16/2026 at FCI Victorville Medium I, Adelanto, California.

10/16/2026

Dedrick Deshon Jordan

DEDRick Jordan
Reg No: 36171-510
FCI Victorville Medium I
P. O Box 3725
ADELANTO CA 92301

RECEIVED

OCT 26 2026

BY MAIL

Retail

UNITED STATES POSTAL SERVICE

63102

RDC 99

U.S
FCI
LOS
OCT

$

S23

ATTN: ClERK
U.S District Court
The Eastern Distric
Missouri
111 South 10th ST.
ST. Louis, MO 63

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

CERTIFIED MAIL®